**HAUSFELD**

**Renner K. Walker**
**Partner**

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 362 3075
rwalker@hausfeld.com

January 29, 2025

<u>**VIA ECF**</u>

The Hon. Patricia S. Dodszuweit, Clerk
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:     **Attorney General of New Jersey, et al. v. Dow Chemical Co., et al.,**
        **Case Number: 24-1753 (Scheduled to be argued February 6, 2025)**

Dear Ms. Dodszuweit:

Pursuant to Rule 28(j), Plaintiffs-Appellees advise the Court of the recent decision in *Royal Canin U.S.A., Inc. et al. v. Wullschleger et al.*, Case No. 23-677 (U.S. Jan. 15, 2025).

At issue is whether Defendant-Appellant Dow Chemical Co. properly removed Plaintiffs-Appellees' state-law environmental contamination suit under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Plaintiffs-Appellees moved to remand because, among other reasons, their complaint disclaims recovery for injuries on or underlying federal land. Dow unsuccessfully argued below that the disclaimer was too narrow to defeat jurisdiction. To eliminate doubt, Plaintiffs-Appellees have repeatedly explained, including in this Court, that they also disclaim recovery for contamination "flow[ing] from" federal properties. *See* Plaintiffs-Appellees' Br. 36-38. Dow argues that any attempt to explain or expand the disclaimer's scope after removal is ineffective. *See* Reply Br. 20-21 (quoting *Collura v. City of Phila.*, 590 F. App'x 180, 184 (3d Cir. 2014) ("[F]ederal jurisdiction cannot be defeated by amending a complaint to eliminate federal claims after removal.")).

The Supreme Court unanimously held in *Royal Canin* that a district court "must remand" a removed case if a post-removal amendment to the complaint "destroys federal jurisdiction." *See* Slip Op. at 1, 15, 20; *see also id.* at 6 & n.3 (abrogating *Collura* and similar cases). Federal question jurisdiction "depends … on the substance of the suit," including "the plaintiff's selection of claims and parties" and whether "the case, as it will actually be litigated, merits a federal forum." *Id.* at 14 n.8, 15.[1] The district court here correctly credited Plaintiffs-Appellees' express, unambiguous disclaimer of "recovery for harms caused by dioxane originally released on or below federal properties" in granting remand. *See* Plaintiffs-Appellees' Br. 37. Under *Royal Canin*, the disclaimer is equally effective whether made before or after removal, and, if so required, Plaintiffs-

---

[1] In contrast, post-removal changes to a party's residence or the amount in controversy will not defeat jurisdiction. *See id.* at 12-15 & nn.5, 8.

hausfeld.com

**AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC**

Appellees' can amend the complaint to clarify the disclaimer's scope and conform to any post-removal representation.

This Court should affirm and return Plaintiffs-Appellees' claims to state court.

Respectfully submitted,

*/s/ Renner K. Walker*


cc:     All counsel of record (by email)

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## ROYAL CANIN U. S. A., INC., ET AL. *v.* WULLSCHLEGER ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 23–677.   Argued October 7, 2024—Decided January 15, 2025

Respondent Anastasia Wullschleger sued petitioner Royal Canin U. S. A., Inc., in state court, alleging that Royal Canin had engaged in deceptive marketing practices. Her original complaint asserted claims based on both federal and state law. Royal Canin removed the case to federal court under 28 U. S. C. §1441(a). That removal was premised on Wullschleger's federal claim, which gave rise to federal-question jurisdiction and also allowed the federal court to exercise supplemental jurisdiction over Wullschleger's factually intertwined state claims. §§1331, 1367. But federal court is not where Wullschleger wanted the case to be resolved. So she amended her complaint, deleting every mention of federal law, and petitioned the District Court for a remand to state court. The District Court denied Wullschleger's request, but the Eighth Circuit reversed. In the Eighth Circuit's view, Wullschleger's amendment had eliminated any basis for federal-question jurisdiction. And without a federal question, the court concluded, there was no possibility of supplemental jurisdiction over Wullschleger's state-law claims.

*Held*: When a plaintiff amends her complaint to delete the federal-law claims that enabled removal to federal court, leaving only state-law claims behind, the federal court loses supplemental jurisdiction over the state claims, and the case must be remanded to state court. Pp. 6–20.

(a) Under the text of §1367, the supplemental-jurisdiction statute, a post-removal amendment to a complaint that eliminates any basis for federal-question jurisdiction also divests a federal court of supplemental jurisdiction over remaining state-law claims. Subsection (a) states that "in any civil action of which the district courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The statute thus confers supplemental jurisdiction over state-law claims sharing a sufficient factual relationship with the federal claims in a case. And in *Rockwell Int'l Corp.* v. *United States*, 549 U. S. 457, 473–474, this Court held that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." So under §1367(a), when the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of supplemental jurisdiction. And the result must be the same in a removed case, because nothing in §1367(a)'s text distinguishes between cases removed to federal court and cases originally filed there.

The exclusion from §1367(a) of such post-amendment state-law claims is reflected in the text of §1367(c). Subsection (c) provides that a district court "may decline to exercise supplemental jurisdiction" over state-law claims covered by §1367(a)'s jurisdictional grant in three specific situations where the state-law claims overshadow the federal claims in a case. If §1367(a)'s grant of jurisdiction included the leftover state claims in an amended complaint, they too would have appeared on §1367(c)'s list: Even more than the claims addressed there, they are ill-suited to federal adjudication. That §1367(c) makes no mention of such claims demonstrates that §1367(a) does not extend to them.

That result accords with Congress's usual view of how amended pleadings can affect jurisdiction. On that view, apparent in varied federal statutes, an amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion. *E.g.,* §1653 ("[d]efective allegations of jurisdiction may be amended" so a case can come within a federal court's jurisdiction); §1446(b)(3) (even "if the case stated by the initial pleading is not removable," the defendant can remove the case after receiving "an amended pleading" establishing a basis for federal jurisdiction); §1332(d)(7) (similar). And just the same here: Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew. Pp. 7–10.

(b) That reading of §1367 also parallels a slew of other procedural rules linking jurisdiction to the amended, rather than initial, complaint. In deciding which substantive claims to bring against which defendants, a plaintiff can establish—or not—the basis for a federal court's subject-matter jurisdiction. And her control over those matters extends beyond the time her first complaint is filed. If a plaintiff amends her complaint, the new pleading supersedes the old one and

can bring the suit either newly within or newly outside a federal court's jurisdiction. Thus, as *Rockwell* explained, if "a plaintiff files a complaint in federal court and later voluntarily amends the complaint" to "withdraw[ ]" the allegations supporting federal jurisdiction, that amendment "will defeat jurisdiction" unless the withdrawn allegations were "replaced by others" giving the court adjudicatory power. 549 U. S., at 473–474.

*Rockwell*'s rule has a host of variations in both original and removed federal cases. Adding federal claims can create original jurisdiction where it once was wanting. See, *e.g.*, *ConnectU LLC* v. *Zuckerberg*, 522 F. 3d 82, 91. And an amendment can either destroy or create jurisdiction in an original diversity case. See *Owen Equipment & Erection Co.* v. *Kroger*, 437 U. S. 365, 374–377; *Newman-Green, Inc.* v. *Alfonzo-Larrain*, 490 U. S. 826, 832–833. Similarly, if removing a case was improper because the initial complaint did not contain a federal claim, the plaintiff's later assertion of such a claim establishes jurisdiction going forward. See *Pegram* v. *Herdrich*, 530 U. S. 211, 215–216, and n. 2. And by the same token, amending a complaint in a removed case to join a non-diverse party destroys diversity jurisdiction, and the federal court must remand the case to state court. See §1447(e). In removed and original cases alike, the rule that jurisdiction follows the operative pleading ensures that the case, as it will actually be litigated, merits a federal forum. Pp. 10–15.

(c) Royal Canin contends that this Court has twice before reached the opposite conclusion—first, in *Carnegie-Mellon Univ.* v. *Cohill*, 484 U. S. 343, and next in *Rockwell*, in a footnote. But in each case, the relied-on passage is extraneous to the Court's holding and reasoning, and so cannot bear the weight of Royal Canin's argument. The footnote in *Rockwell* does state the rule Royal Canin propounds: "[W]hen a defendant removes a case to federal court based on the presence of a federal claim," it says, "an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." 549 U. S., at 474, n. 6. But *Rockwell* was an original federal case, not a removed one, so its drive-by assertion of a jurisdictional rule for removed cases was entirely outside the issue being decided. That dictum cannot overcome the Court's analysis here or *Rockwell*'s own core insight that federal courts "look to the amended complaint to determine jurisdiction." *Id.*, at 474. Pp. 15–20.

75 F. 4th 918, affirmed.

KAGAN, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the
United States Reports. Readers are requested to notify the Reporter of
Decisions, Supreme Court of the United States, Washington, D. C. 20543,
pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES

_____

No. 23–677

_____

## ROYAL CANIN U. S. A., INC., ET AL., PETITIONERS *v.* ANASTASIA WULLSCHLEGER, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[January 15, 2025]

JUSTICE KAGAN delivered the opinion of the Court.

If a complaint filed in state court asserts federal-law claims, the defendant may remove the case to federal court. See 28 U. S. C. §1441(a). And if the complaint also asserts state-law claims arising out of the same facts, the federal court may adjudicate those claims too, in the exercise of what is called supplemental jurisdiction. See §1367.

This case presents a further question: What happens if, after removal, the plaintiff amends her complaint to delete all the federal-law claims, leaving nothing but state-law claims behind? May the federal court still adjudicate the now purely state-law suit? We hold that it may not. When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.

## I

### A

"Federal courts," we have often explained, "are courts of limited jurisdiction." *E.g.*, *Kokkonen* v. *Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994). Limited first by

the Constitution, to only the kinds of "Cases" and "Controversies" listed in Article III. And for all lower federal courts, limited as well by statute. Congress determines, through its grants of jurisdiction, which suits those courts can resolve. So, for example, Congress has always given federal courts power to decide "diversity" cases, between "citizens of different States" whose dispute involves more than a stated sum (the so-called amount-in-controversy). §1332(a). And of special importance here, Congress has long conferred jurisdiction on federal courts to resolve cases "arising under" federal law. §1331.

"Arising under" jurisdiction—more often known as federal-question jurisdiction—enables federal courts to decide cases founded on federal law. A suit most typically falls within that statutory grant "when federal law creates the cause of action asserted." *Gunn* v. *Minton*, 568 U. S. 251, 257 (2013). On rare occasions, the grant also covers a suit containing state-law claims alone, because one or more of them "necessarily raise[s]" a "substantial" and "actually disputed" federal question. *Id.*, at 258. Either way, the determination of jurisdiction is based only on the allegations in the plaintiff's "well-pleaded complaint"—not on any issue the defendant may raise. *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 9–10 (1983). That longstanding rule makes the complaint—the plaintiff's own claims and allegations—the key to "arising under" jurisdiction. If the complaint presents no federal question, a federal court may not hear the suit.

But if a complaint includes the requisite federal question, a federal court often has power to decide state-law questions too. Suppose a complaint with two claims—one based on federal, the other on state, law. This Court held in *Mine Workers* v. *Gibbs*, 383 U. S. 715, 725 (1966), that a federal court may exercise supplemental jurisdiction over the state

claim so long as it "derive[s] from" the same "nucleus of operative fact" as the federal one. The *Gibbs* Court reasoned that when the two claims are so closely related, they make up "but one constitutional 'case'"; and the Court presumed that Congress wanted in that situation to confer jurisdiction up to the Constitution's limit. *Ibid.* (quoting U. S. Const., Art. III, §2, cl. 1); see *Exxon Mobil Corp.* v. *Allapattah Services, Inc.*, 545 U. S. 546, 553 (2005). Congress later confirmed that view, generally codifying *Gibbs*'s supplemental-jurisdiction rule in 28 U. S. C. §1367 (whose text we will soon consider, see *infra*, at 7–8). Under that statute, as under *Gibbs*, jurisdiction over a federal-law claim brings with it supplemental jurisdiction over a state-law claim arising from the same facts. That derivative jurisdiction, though, is to some extent discretionary; §1367 spells out circumstances, again derived from *Gibbs*, in which a federal court may decline to hear a state claim falling within the statute's bounds. See §1367(c); *Gibbs*, 383 U. S., at 726–727.

And yet one more preparatory point: If a statute confers federal jurisdiction over a suit, not only the plaintiff but also the defendant can get it into federal court. Take the "arising under" statute: It grants federal district courts "original jurisdiction" over cases presenting a federal question. §1331; see §1332 (similarly providing "original jurisdiction" over diversity suits). The plaintiff may avail herself of that jurisdiction (and of the opportunity §1367 affords to add supplemental state claims); but she also may file her suit in state court. If she takes the latter route, another statute then gives the defendant an option. Because the case falls within the federal courts' "original jurisdiction," the defendant may "remove[ ]" it from state to federal court. §1441(a). And there the case (including supplemental state claims) usually remains. Except that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must

be "remanded" to state court. §1447(c). That is because, to return to where we started, federal courts are courts of limited jurisdiction: When they do not have (or no longer have) authorization to resolve a suit, they must hand it over.

## B

Before raising issues demanding a jurisdictional primer, this case was all about the marketing of dog food. Petitioner Royal Canin U. S. A., Inc., manufactures a brand of dog food available only with a veterinarian's prescription—and thus sold at a premium price. Respondent Anastasia Wullschleger purchased the food, thinking it contained medication not found in off-the-shelf products. She later learned it did not. Her suit, initially filed in a Missouri state court, contends that Royal Canin's dog food is ordinary dog food: The company sells the product with a prescription not because its ingredients make that necessary, but solely to fool consumers into paying a jacked-up price. Her original complaint asserted claims under the Missouri Merchandising Practices Act and state antitrust law. It also alleged violations of the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U. S. C. §301 *et seq.*

And so began the procedural back-and-forth that eventually landed Wullschleger's case in this Court. Royal Canin went first: It removed the case to federal court based on the asserted violations of the FDCA.[1] That removal properly

―――――――――

[1] That first step provoked an earlier jurisdictional battle, resolved in favor of allowing removal and not at issue here. The dispute arose because Wullschleger's complaint alleged the FDCA violations not as independent federal claims, but instead in support of her state claims. Did the complaint, then, contain the needed federal question? The Court of Appeals held that it did because the meaning of the referenced FDCA provisions was thoroughly embedded in, and integral to the success of, Wullschleger's state-law claims. See *Wullschleger* v. *Royal Canin U. S. A., Inc.*, 953 F. 3d 519, 522 (CA8 2020) (citing *Gunn* v. *Minton*, 568 U. S. 251, 258 (2013)); see *supra,* at 2. We here treat that finding of federal-question jurisdiction as a given. And for ease of exposition, we take

brought to the District Court not only Wullschleger's FDCA claims, but also her factually intertwined state-law claims. The parties were thus set to litigate the entire suit in federal court. But that is not where Wullschleger wanted the case to be resolved. So she countered Royal Canin's move: She amended her complaint to delete its every mention of the FDCA, leaving her state claims to stand on their own. And with that amended, all-state-law complaint in hand, she petitioned the District Court to remand the case to state court.

Although the District Court denied Wullschleger's request, the Court of Appeals for the Eighth Circuit reversed that decision and ordered a remand. See 75 F. 4th 918, 924 (2023).[2] In the Eighth Circuit's view, Wullschleger's amendment had eliminated any basis for federal jurisdiction. An amended complaint, the court reasoned, "[supersedes] an original complaint and renders the original complaint without legal effect." *Id.*, at 922 (alteration in original). And nothing in the amended complaint supported federal-question jurisdiction: It was, after all, now based entirely on state law. Nor could the District Court now exercise supplemental jurisdiction over Wullschleger's state-law claims. "[T]he possibility of supplemental jurisdiction," the court reasoned, "vanished right alongside the once-present federal questions." *Id.*, at 924. And that analysis held good even though it was Royal Canin, rather than Wullschleger, that had brought the suit to the District Court: "It makes no difference," the Eighth Circuit stated, that the case "end[ed] up in federal court through removal." *Id.*, at 922.

———————
a slight liberty throughout this opinion, referring to the original complaint's FDCA allegations simply as federal claims.

[2] Because the denial of a remand request is not immediately appealable, see *Caterpillar Inc.* v. *Lewis*, 519 U. S. 61, 74 (1996), the issue reached the Court of Appeals only after the District Court dismissed Wullschleger's amended complaint on the merits.

Other Courts of Appeals have reached the opposite conclusion, holding that a post-removal amendment cannot divest a federal court of jurisdiction.[3]  On that view, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper* v. *AutoAlliance Int'l, Inc.*, 392 F. 3d 195, 210 (CA6 2004).  So the District Court here would have retained supplemental jurisdiction over Wullschleger's state-law claims even after she amended her complaint to delete all her federal-law ones.

We granted certiorari to resolve the Circuit split, 601 U. S. ___ (2024), and we now affirm the decision below.

## II

When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says.  If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves.  With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.  That conclusion fits the text of §1367, governing supplemental jurisdiction.  And it accords with a bevy of rules hinging federal jurisdiction on the allegations made in an amended complaint, because that complaint has become the operative one.  Royal Canin argues that our precedent makes an exception for when an amendment follows a lawsuit's removal, but that is to read two bits of gratuitous language for a good deal more than they are worth.

––––––––––
[3] *Ching* v. *Mitre Corp.*, 921 F. 2d 11, 13 (CA1 1990); *Collura* v. *Philadelphia*, 590 Fed. Appx. 180, 184 (CA3 2014) (*per curiam*); *Harless* v. *CSX Hotels, Inc.*, 389 F. 3d 444, 448 (CA4 2004); *Harper* v. *AutoAlliance Int'l, Inc.*, 392 F. 3d 195, 210–211 (CA6 2004); *Behlen* v. *Merrill Lynch*, 311 F. 3d 1087, 1095 (CA11 2002).

A

Begin with §1367, entitled "Supplemental jurisdiction." Subsection (a) states the basic rule:

> "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The subsection thus takes as its starting point claims within a federal district court's original jurisdiction—because, say, they turn on federal law. See §1331. It then confers authority on the court to decide certain "other" claims in the same suit, involving only state law. That added authority—the court's supplemental jurisdiction— extends to claims "so related to" the claims supporting original jurisdiction as to form "part of the same [constitutional] case." And that needed relationship, *Gibbs* explains, is one of fact: The federal court has supplemental jurisdiction over state-law claims sharing a "common nucleus of operative fact" with the federal-law ones. 383 U. S., at 725; see *supra*, at 2–3.

Skip down a bit and subsection (c) explains that the supplemental jurisdiction just conferred is in some measure discretionary. That subsection provides that a district court "may decline to exercise supplemental jurisdiction" in three specific situations: (1) if the supplemental claim "raises a novel or complex issue of State law"; (2) if the supplemental claim "substantially predominates" over the claims within the court's original jurisdiction; and (3) if the district court "has dismissed all claims over which it has

original jurisdiction."[4] In all those contexts, federal law is not where the real action is. So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court. See *Gibbs*, 383 U. S., at 726–727.

In addressing the text of §1367, Royal Canin argues primarily from the first subsection's grant of jurisdiction. The language there is "broad," the company says: Section 1367(a) grants "supplemental jurisdiction over '*all* other claims' within the case or controversy, *unless* Congress 'expressly provided otherwise.'" Reply Brief 2 (emphasis in original). And Congress did not expressly provide that an amendment deleting federal claims eliminates supplemental jurisdiction. See *id.*, at 4–5. The upshot, Royal Canin says, is the rule it espouses: The amendment of a complaint following removal of a suit to federal court cannot divest that court of supplemental jurisdiction.

But that position founders on an undisputed point: Nothing in §1367's text—including in the text Royal Canin highlights—distinguishes between cases removed to federal court and cases originally filed there. See Tr. of Oral Arg. 7–8. Whatever that text says about removed cases, it also says about original ones, and vice versa. That means if (as Royal Canin urges) §1367(a)'s language prevents an amendment from ousting supplemental jurisdiction in removed cases, then so too it does in original ones. But here is the rub: In original cases, this Court has already reached the opposite conclusion. The pertinent rule comes from *Rockwell Int'l Corp.* v. *United States*, 549 U. S. 457, 473–474 (2007): "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."

---

[4] A fourth, more general provision, which neither party thinks relevant here, allows a court to decline supplemental jurisdiction "in exceptional circumstances," for "other compelling reasons." 28 U. S. C. §1367(c)(4).

So when the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power. See *ibid.* Royal Canin concedes that result, as it must. See Tr. of Oral Arg. 6–7. The position it adopts—applying only in removed cases—is indeed designed not to collide with *Rockwell*'s ruling. But once §1367(a) is taken as consistent with *Rockwell*, it cannot say what the company posits. Under that provision—as under *Rockwell*—an amendment excising all federal claims divests a court of supplemental jurisdiction over the remaining state claims in an original case. And if in an original case, then also in a removed case—because, again, §1367(a) draws no distinction between the two.

The exclusion from §1367(a) of such post-amendment state-law claims is reflected in the text of §1367(c). Recall that §1367(c) describes three contexts in which state-law claims, though covered by §1367(a)'s jurisdictional grant, are often better given to state courts. See *supra*, at 7–8. If §1367(a)'s grant included the leftover state claims in an amended complaint, they too would have appeared on §1367(c)'s list: Even more than the claims addressed there, they are ill-suited to federal adjudication. The leftover state claims, after all, are now the entirety of the plaintiff's suit. Federal claims are not just subordinate, as in §§1367(c)(1) and (2), but gone. And gone for good as well. When federal claims are dismissed by the district court, as in §1367(c)(3), an appellate court may yet revive them; but that cannot happen when the plaintiff has excised them through a proper amendment. So, again, it follows: If §1367(a) conferred supplemental jurisdiction over the claims here, §1367(c) would make that jurisdiction discretionary. That §1367(c) does not do so—that even while it addresses, for example, dismissals of federal claims, it makes no mention of amendments deleting them—shows that §1367(a) does not extend so far. Or otherwise said,

there is no discretion to decline supplemental jurisdiction here because there is no supplemental jurisdiction at all. Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and §1367(a) does not authorize a federal court to resolve them.

That result accords with Congress's usual view of how amended pleadings can affect jurisdiction. On that view, apparent in varied federal statutes, an amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion. Consider 28 U. S. C. §1653: It states broadly that, in both trial and appellate courts, "[d]efective allegations of jurisdiction may be amended" to ensure that a case can go forward. So a case falling outside the federal court's jurisdiction can come within it by virtue of an amendment. Or take the statute laying out procedures for removal. It provides that even "if the case stated by the initial pleading is not removable," an amendment may make it so: The defendant can remove the case after receiving "an amended pleading" establishing that the case is newly subject to federal jurisdiction. §1446(b)(3); see §1332(d)(7) (similarly providing that an "amended complaint" in a proposed class action may create "[f]ederal jurisdiction"). In such statutes, Congress conceives of amendments as having the potential to alter jurisdiction. And just the same here. Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew. If nothing in the amended complaint now falls "within [the federal court's] original jurisdiction," then neither does anything fall within the court's "supplemental jurisdiction." §1367(a). In the superseding pleading, the state-law claims are just state-law claims, outside §1367(a)'s purview.

## B

That reading of §1367 also parallels a slew of other,

mainly judge-made procedural rules linking jurisdiction to the amended, rather than initial, complaint. In multiple contexts—involving both cases brought in federal court and cases removed there—courts conceive of amendments to pleadings as potentially jurisdiction-changing events. The amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy jurisdiction. Section 1367, as laid out above, fits hand in glove with—indeed, embodies—that familiar approach. A post-removal amendment can divest a federal court of its supplemental jurisdiction because—as the usual procedural principle holds—jurisdiction follows from (and only from) the operative pleading.

Begin from the beginning: The plaintiff is "the master of the complaint," and therefore controls much about her suit. *Caterpillar Inc.* v. *Williams*, 482 U. S. 386, 398–399 (1987). She gets to determine which substantive claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction. She may, for example, name only defendants who come from a different State, or instead add one from her own State and thereby destroy diversity of citizenship. See §1332(a). Or in cases like this one, she may decide to plead federal-law claims, or instead to allege state-law claims alone and thus ensure a state forum. See §1331; *supra*, at 2 (describing the well-pleaded complaint rule).

And the plaintiff's control over those matters extends beyond the time her first complaint is filed. If a plaintiff amends her complaint, the new pleading "supersedes" the old one: The "original pleading no longer performs any function in the case." 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1476, pp. 636–637 (3d ed. 2010). Or as we put the matter over a century ago: "When a petition is amended," the "cause proceeds on the amended petition." *Washer* v. *Bullitt County*, 110 U. S. 558, 562 (1884).

So changes in parties, or changes in claims, effectively re-make the suit. And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction.

That idea is the one *Rockwell* invoked, as earlier noted. See *supra*, at 8–9. Recall the situation there considered: "[A] plaintiff files a complaint in federal court and later voluntarily amends the complaint" to "withdraw[]" the allegations supporting federal jurisdiction. *Rockwell*, 549 U. S., at 473–474. Should the suit proceed? "[C]ourts," *Rockwell* replied, "look to the amended complaint to determine jurisdiction." *Id.*, at 474. That complaint is now the operative one; the old complaint has become irrelevant. So unless the withdrawn allegations were "replaced by others" giving the court adjudicatory power, the plaintiff's amendment "will defeat jurisdiction." *Id.*, at 473. Or more specifically: If a plaintiff files a suit in federal court based on federal claims and later scraps those claims, the federal court cannot go forward with a now all-state-claim suit. See *id.*, at 473–474.[5]

That rule for original federal cases has a host of variations, each tying jurisdiction to an amended pleading. If, as *Rockwell* spelled out, eliminating federal claims in such a suit can destroy federal jurisdiction, the opposite is also true: Adding federal claims can create federal jurisdiction where it once was wanting. See, *e.g.*, *ConnectU LLC* v.

_____

[5]The *Rockwell* Court distinguished its rule from another, operating in diversity cases, which evaluates a party's citizenship (*e.g.,* whether the defendant is in fact from New York) at the time a suit is brought, and never again later. See 549 U. S., at 473 (citing, *e.g.*, *Anderson* v. *Watt*, 138 U. S. 694, 701 (1891)). That so-called time-of-filing rule, *Rockwell* explained, concerns only the actual "state of things" relevant to jurisdiction—meaning, the facts on the ground, rather than (as addressed here) the claims and parties that the plaintiff includes in a complaint. 549 U. S., at 473; see 75 F. 4th 918, 922–923 (CA8 2023) (case below) (discussing that distinction).

*Zuckerberg*, 522 F. 3d 82, 91 (CA1 2008) (holding that an amended complaint, which "replaced the original complaint lock, stock, and barrel," conferred jurisdiction). And so too, an amendment can either destroy or create jurisdiction in an original diversity case. The addition of a non-diverse party in such a case typically destroys diversity jurisdiction, requiring the case's dismissal. See *Owen Equipment & Erection Co.* v. *Kroger*, 437 U. S. 365, 374–377 (1978) (stating that an amendment asserting claims against a non-diverse party "destroy[s]" complete diversity "just as surely as" joining that party in the first instance); see also, *e.g.*, *American Fiber & Finishing, Inc.* v. *Tyco Healthcare Group, LP*, 362 F. 3d 136, 139 (CA1 2004).[6] Conversely, the elimination of a non-diverse defendant by way of amendment ensures that a case can proceed in federal court, though it could not have done so before. See *Newman-Green, Inc.* v. *Alfonzo-Larrain*, 490 U. S. 826, 832–833 (1989). In short, the rule in original cases that jurisdiction follows the amended (*i.e.,* now operative) pleading applies across the board.

And still more: Similar rules have long applied in the removal context. Not across the board, of course, else this case would not have arisen: The very issue here is whether, in a removed case (as in an original one), an amended complaint dropping federal claims destroys jurisdiction. But in two of the other situations discussed above, the rule in removed cases is the same as the rule in original ones.[7] First,

_____

[6] That general rule does not apply when an amendment merely substitutes a successor-in-interest for the first-named defendant. In that situation, the former steps into the latter's shoes, and the diversity jurisdiction founded on the initial complaint thus continues. See *Freeport-McMoRan Inc.* v. *K N Energy, Inc.*, 498 U. S. 426, 428–429 (1991) (*per curiam*).

[7] To our knowledge, no appellate decision addresses whether in the final situation discussed—when an amendment eliminates a non-diverse party—the rule in removed cases similarly follows the rule in original cases.

in removed cases too, amending a complaint to add a federal claim creates federal jurisdiction when it did not previously exist. So even if removing a case was improper because the initial complaint did not contain a federal claim, the plaintiff's later assertion of such a claim establishes jurisdiction going forward. See *Pegram* v. *Herdrich*, 530 U. S. 211, 215–216, and n. 2 (2000); *Bernstein* v. *Lind-Waldock & Co.*, 738 F. 2d 179, 185–186 (CA7 1984) (Posner, J.). The federal court can thus resolve both the newly added federal-law claim and the now supplemental state-law ones. See *id.*, at 186–187. And second, in removed cases too, amending a complaint to join a non-diverse party destroys diversity jurisdiction. So if such a joinder occurs after removal, the federal court must remand the case to the state court it began in. See §1447(e); *Powerex Corp.* v. *Reliant Energy Services, Inc.*, 551 U. S. 224, 231–232 (2007). Once again, federal jurisdiction—or its absence—follows from the amended complaint.[8]

_____

[8] Royal Canin offers up something of an exception: In both original and removed cases, an amendment reducing the alleged amount-in-controversy to below the statutory threshold—like a post-filing development that makes recovering the needed amount impossible—will usually not destroy diversity jurisdiction. See *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U. S. 283, 289, 292 (1938); Brief for Petitioners 20. But that rule is inapposite here, by virtue of its subject and function alike. First, the rule more concerns a fact on the ground—that is, the value of a suit—than it does the plaintiff's selection of claims and parties. So this Court has viewed it as analogous to the time-of-filing rule applying to citizenship, which also assesses a factual issue relevant to jurisdiction only at the suit's outset. See *St. Paul Mercury*, 303 U. S., at 294–295; *Rosado* v. *Wyman*, 397 U. S. 397, 405, n. 6 (1970); *supra*, at 12, n. 5. Second, the rule responds to the difficulties of assessing a suit's value and the likelihood that the calculation will change over the course of litigation. Especially given that the alleged amount-in-controversy does not cap damages, "constant litigation" over the matter, having the potential to alter a court's jurisdiction, "would be wasteful." *Grupo Dataflux* v. *Atlas Global Group, L. P.*, 541 U. S. 567, 580–581 (2004) (making the same point about changes in citizenship). But as all the examples given above show, we have never held such a concern to limit the effect of the

The uniformity of that principle, as between original and removed cases, is not surprising.  The appropriateness of federal jurisdiction—or the lack thereof—does not depend on whether the plaintiff first filed suit in federal or state court.  Rather, it depends, in either event, on the substance of the suit—the legal basis of the claims (federal or state?) and the citizenship of the parties (diverse or not?).  (That focus on substance is indeed why original jurisdiction and removal jurisdiction generally mirror each other in scope.  See §1441(a).)  So in a removed no less than in an original case, the rule that jurisdiction follows the operative pleading serves a critical function.  It too ensures that the case, as it will actually be litigated, merits a federal forum.

And with all that recognized, the answer to the disputed question here becomes yet more certain: On top of §1367, a panoply of procedural rules shows that a post-removal amendment excising all federal claims destroys federal jurisdiction.  Under those rules, the presence of jurisdiction, in removed as in original cases, hinges on the amended, now operative pleading.  By adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority.  And so it is here.  When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves.  And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well.  The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started.

## C

Royal Canin contends that this Court has twice before reached the opposite conclusion—first, in *Carnegie-Mellon Univ.* v. *Cohill*, 484 U. S. 343 (1988), and next in *Rockwell*,

----

plaintiff's decision, as the master of her complaint, to add or subtract claims or parties.

in a footnote to the analysis we have related above. See *supra*, at 8–9, 12. But in each case, the relied-on passage is extraneous to the Court's holding and reasoning, and so cannot bear the weight of Royal Canin's argument.

Begin with *Cohill*, which shares the procedural posture of this case but asked and answered a different question. There, as here, the plaintiff filed a suit in state court, asserting both federal and state claims; the defendant removed the suit to federal court; and the plaintiff then dropped her federal claim and sought a remand. The District Court granted that request over the defendant's objection. But in opposing that ruling, the defendant did not argue (à la Royal Canin) that the court should have held on to the case. Rather, the defendant urged that the court should have dismissed the case outright instead of remanding it. (The difference mattered because the statute of limitations had by then expired, and a dismissal would have ended the suit.) The disputed issue was thus not about keeping the case in federal court, but about two different ways of expelling it. Or as *Cohill* put it: The question "present[ed] is whether the District Court could relinquish jurisdiction over the case only by dismissing it without prejudice or whether the District Court could relinquish jurisdiction over the case by remanding it to state court as well." 484 U. S., at 351. We held that the federal court could remand as well as dismiss, even though no statute then authorized the former action. *Id.*, at 357; see §1447(c) (now filling that vacuum). Our reasoning, in that pre-§1367 era, focused on the values served by supplemental jurisdiction, as set out in *Gibbs*. "[E]conomy, convenience, fairness, and comity," we stated, "support[] giving a district court discretion to remand when the exercise of [supplemental] jurisdiction is inappropriate." *Cohill*, 484 U. S., at 351. So when a plaintiff cuts her federal claims, the court should have a choice about how best to get rid of the case.

In one spot, though, the *Cohill* Court intimated a view on

whether the District Court also had discretion to retain the suit. The sentence, pressed by Royal Canin, comes just before the Court's statement of the question presented, quoted above. See Brief for Petitioners 10–11, 19. It reads: "When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." *Cohill*, 484 U. S., at 351. In using the word "choose," *Cohill* suggested that the court, though having strong cause to dismiss or remand, likewise had authority to decide the case.

But that slender (and somewhat backhanded) dictum cannot make us stop in our tracks. Nowhere did *Cohill* analyze why a federal court could retain jurisdiction once an amendment excised all federal-law claims. *Cohill* simply supposed the court could and asserted as much, without pausing to consider the matter. And that lack of scrutiny reflected the issue's lack of importance—not in today's case of course, but in that earlier one. As just explained, the District Court in *Cohill* never thought to exercise jurisdiction after the amendment; the issue in dispute was only how to get rid of the action. So *Cohill*'s view about keeping jurisdiction was gratuitous, and no sooner noted than dropped. It supported neither the decision's result nor its values-based reasoning. And anyway, our own analysis is based mainly on legal authorities post-dating *Cohill*—most notably, §1367 and our *Rockwell* decision. See *supra,* at 6–10, 12. Those later materials supersede whatever *Cohill* presumed about exercising federal jurisdiction in a case like this one. So by virtue of both what it decided and when it arose, *Cohill* does not matter to the question before us.

That leaves the *Rockwell* footnote Royal Canin cites. As earlier explained, the body of *Rockwell* examines what happens in an original case when a plaintiff amends a complaint to expunge federal claims. See *supra,* at 8–9, 12. The federal court, *Rockwell* held, loses jurisdiction. See 549

U. S., at 473–474. But in a two-sentence footnote, the *Rockwell* Court said that the opposite rule applies in removed cases. "[W]hen a defendant removes a case to federal court based on the presence of a federal claim," the footnote stated, "an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Id.*, at 474, n. 6. That is because "removal cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." *Ibid.* (emphasis in original). The footnote thus sets out exactly the rule Royal Canin wants—and, in so doing, gives the company its best argument.

But still, the footnote is dictum, and does not control the outcome here. *Rockwell* was an original federal case, not a removed one. So the footnote's assertion of a special rule for removed cases was outside the issue being decided—or more colloquially put, beside the point. The statement had no bearing on the Court's conclusion about jurisdiction in original cases. Nor did it relate to the rationale supporting that result. And to top it off, the footnote was itself barely reasoned.[9] This Court has often stated that "drive-by juris-

---

[9]The footnote's cursory reference to "forum-manipulation concerns" fails on multiple levels. First, and most practically, plaintiffs can usually forum shop without any resort to amendments. Except when a statute of limitations has expired, a plaintiff need only voluntarily dismiss her federal suit and file a new state-claim-only action in state court. So the forum-manipulation benefit of the *Rockwell* footnote's approach to removed federal-question cases is likely quite marginal. Second, that approach conflicts with the one taken in the most comparable situation: when in a removed diversity case, a plaintiff seeks a remand to state court by means of adding a non-diverse party. As noted earlier, the rule in that context is the standard one: Jurisdiction follows the amended pleading—regardless of any (probably minor) forum-manipulation concerns. See §1447(e); *supra,* at 14. Third and most important, those policy-based concerns, even if significant, cannot trump a federal statute. And as we elsewhere discuss—including in the next paragraph—§1367

dictional rulings"—asserting or denying jurisdiction "without elaboration," or analysis of whether anything "turn[ed] on" the ruling—should be accorded "no precedential effect." *Wilkins* v. *United States*, 598 U. S. 152, 160 (2023) (quoting *Arbaugh* v. *Y & H Corp.*, 546 U. S. 500, 511, 512 (2006); alteration in original; *Henderson* v. *Shinseki*, 562 U. S. 428, 437 (2011)). The admonition goes double for throwaway footnotes about jurisdictional issues neither raised in nor conceivably relevant to a case. We therefore need not follow the *Rockwell* footnote just because it exists; our adherence instead depends on whether it withstands analysis.[10]

And it does not, for all the reasons already given. A recap here fittingly begins with *Rockwell*'s own core insight, which points the opposite way. Federal courts, *Rockwell* stated, "look to the amended complaint to determine jurisdiction." 549 U. S., at 474. That rule, as earlier described, explains a host of jurisdictional outcomes. See *supra*, at 11–14. It operates in federal-question cases and diversity cases, both to destroy and to create jurisdiction. And it cannot give way, in a case like this one, just because the case was removed from state to federal court. When, as here, a complaint asserts both federal and state claims, and an amendment strips out the federal ones, a district court's jurisdiction depends on §1367. And §1367, as earlier shown, makes no distinction between cases beginning in federal court and cases removed there. See *supra*, at 8–9. If in the former the amendment "defeat[s] jurisdiction," as *Rockwell* rightly held, 549 U. S., at 473, then so too in the latter. Regardless of removal, the plaintiff's excision of her federal-

_____

offers no basis for treating original and removed cases differently, as the *Rockwell* footnote proposes. See *supra,* at 8–9.

[10]It is of course a much different thing for this Court to reach that conclusion than for a lower court to do so. We do not at all fault any court that relied on the *Rockwell* footnote to find jurisdiction in a case like this one. Courts that did so simply took us at our word, in a way both understandable and appropriate.

law claims deprives the district court of its authority to de-
cide the state-law claims remaining.

### III

For those reasons, the District Court here should have
remanded Wullschleger's suit to state court. The earliest
version of that suit contained federal-law claims and there-
fore was properly removed to federal court. The additional
state-law claims were sufficiently related to the federal
ones to come within that court's supplemental jurisdiction.
But when Wullschleger amended her complaint, the juris-
dictional analysis also changed. Her deletion of all federal
claims deprived the District Court of federal-question juris-
diction. And once that was gone, the court's supplemental
jurisdiction over the state claims dissolved too. Wull-
schleger had reconfigured her suit to make it only about
state law. And so the suit became one for a state court.

We accordingly affirm the judgment of the Court of Ap-
peals for the Eighth Circuit.

*It is so ordered.*